**KUTAK ROCK LLP**
Jeremy S. Williams (VSB No. 77469)
Brian H. Richardson (VSB No. 92477)
901 East Byrd Street, Suite 1000
Richmond, Virginia 23219
Telephone: (804) 644-1700
Facsimile: (804) 783-6192
Jeremy.Williams@kutakrock.com
Brian.Richardson@kutakrock.com
*Counsel for Peter J. Barrett, Trustee*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

| | | |
|---|---|---|
| In re: | ) ) | Chapter 7 |
| POTOMAC PILE DRIVER, LLC, | ) ) | Case No. 17-34078 (KRH) |
| Debtor. | ) ) ) | |
| PETER J. BARRETT, TRUSTEE | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Adv. Proc. No. 19-03079 (KRH) |
| BRAD MARTIN, *et al.*, | ) ) ) | |
| Defendants. | ) ) | |

**PLAINTIFF'S RESPONSE TO (I) MOTION FOR CONTINUANCE AND (II) OBJECTION TO FINDING OF DEFAULT FILED BY DEFENDANTS**

Plaintiff, Peter J. Barrett, Chapter 7 Trustee for the Bankruptcy Estate of Potomac Pile Driver, LLC (the "Trustee"), by counsel, states as follows for its response and objection to the *Motion for Continuance Objection to Finding of Default* (the "Objection") [Docket No. 45] filed by Robin McCormack ("Ms. McCormack") and Shoreline Service and Design, LLC ("Shoreline" and together with Ms. McCormack, the "Respondents"):

1

4852-6639-7618.4

## Background

1.	For years, the Trustee has attempted to give Shoreline and its alleged owner, Ms. McCormack, an opportunity to explain why Shoreline is not an alter ego of Potomac Pile Driver, LLC (the "Debtor") and Brad Martin and why the allegations ultimately alleged in the Complaint [Docket No. 1] were not accurate.

2.	The initial opportunity for the Respondents to defend themselves was over two years ago, when the Trustee sought to examine Shoreline pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Rule(s)") [Case No. 17-34078; Docket No. 26] (the "2004 Motion"). Ms. McCormack attempted to file a response on behalf of Shoreline but was advised that she could not represent Shoreline and that Shoreline needed to have legal counsel [Case No. 17-34078; Docket No. 38]. Shoreline refused to correct the deficiency.

3.	Shoreline also failed to appear for the hearing on the 2004 Motion and accordingly, the Court granted the 2004 Motion and entered an order compelling Shoreline to produce certain documents to the Trustee [Case No. 17-34078; Docket No. 49].

4.	The Respondents, however, continued to disregard this Court, so much so that on June 20, 2018, the Court entered sanctions against Shoreline and granted a monetary judgment against Shoreline in the amount of $2,620.00, which sanctions Shoreline has still failed to pay [Case No. 17-34078; Docket No. 77].

5.	Unable to obtain information to contrast the alleged alter ego claims, the Trustee proceeded with his Complaint against the Respondents, among others, on September 6, 2019.

6.	On September 10, 2019, the Clerk of this Court issued the *Summons and Notice of Pre-Trial Conference* to be served with the Complaint (the "Original Summons") [Docket No.

4852-6639-7618.4

2]. The Original Summons was properly served on Respondents and required the Respondents to file a response to the Complaint no later than October 10, 2019.

7. On October 9, 2019, the Trustee was contacted by an attorney who identified himself as being in contact with Shoreline and Ms. McCormack regarding these proceedings. Such attorney requested an extension on behalf of the Respondents of the deadline to file a response to the Complaint. The purpose of the extension was to allow Respondents time to retain bankruptcy counsel.

8. The Trustee granted the requested extension to the Respondents through October 18, 2019 and Shoreline was again reminded that corporations may only appear by counsel in these proceedings.

9. Despite the extension and the reminder regarding the obligation to retain counsel, Ms. McCormack again attempted to file a response on behalf of Shoreline on October 18, 2019 [Docket No. 8].

10. Around the same time, however, the Trustee learned that the service information for Potomac Pile Driver, LLC had changed immediately before the filing of the Complaint. Accordingly, on October 18, 2019, at the request of counsel for the Trustee, the Clerk of this Court issued the *Alias Summons and Notice of Pre-Trial Conference* to be served with the Complaint (the "Alias Summons") [Docket No. 9].

11. The Alias Summons and Complaint was likewise properly served on Respondents pursuant to Rule 7004 and an affidavit was filed with the Court certifying that the Alias Summons and Complaint were properly and timely served in accordance with the Rules [Docket No. 16].

3

12. On November 18, 2019, Ms. McCormack, for a third time, again attempted to file a response with this Court on behalf of Shoreline.

13. On December 11, 2019, the Trustee moved for entry of default against Shoreline [Docket No. 21] given the deficient filing. The motion was served on the Respondents and specifically advised that the attempts of Ms. McCormack to file a response on behalf of Shoreline were ineffective and the basis for entry of default. Shoreline did not respond.

14. On December 13, 2019, a *Notice of Deficient Filing* was issued to Shoreline [Docket No. 24], again advising Shoreline that it must be represented by counsel and requiring a corrected response by December 27, 2019.

15. Shoreline again ignored a deficiency notice from this Court.

16. On January 2, 2020 an *Order Striking Pleading as to Shoreline Service & Design, LLC* was entered by the Court [Docket No. 31].

17. On January 2, 2020, the Plaintiff filed the *Motion for Default Judgment* (the "Motion") [Docket No. 32] seeking default judgment against the three corporate defendants who have failed to timely answer the Complaint, including Shoreline.

18. On January 15, 2020, the Clerk entered default against Shoreline [Docket No. 38].

19. Despite having been advised in 2017, again last October and twice in December, that Shoreline would need to be represented by counsel in order to continue in these proceedings, Shoreline waited until immediately before the entry of judgment to do just that – retain counsel. Based on a delay which has been going on for more than two years, which is the sole result of Shoreline's inaction, it now seeks relief from default and a continuance of these proceedings. Such request is without merit.

**Objection and Response**

20. As an initial matter, the Objection fails because it no bases are given, in law or in fact, for why entry of default judgment is not appropriate or why the entry of default should be vacated.

21. Similarly, any request for a continuance should also be denied. Procedurally, the request for a continuance contained in the Objection, and the Motion to Sever [Docket No. 47], have not been properly set for hearing. Both matters seek affirmative relief which require 14 days' notice of hearing under Local Rule 9013-1 or an expedited hearing. The Respondents did not use the proper docket entry to set the Objection or Motion to Sever for hearing, they only gave seven days' notice of their motion and they have not requested nor been granted an expedited hearing. Accordingly, such requests should not be considered by this Court until proper notice is given.

22. Perhaps more important, however, is the fact that the Respondents fail to establish any defense to the entry of default judgment or any substantive reason why a continuance should be granted.

23. For their Objection, Respondents assert that the Complaint is without merit, and indicate that due to only recently having retained counsel, additional time is needed to review the Complaint with counsel and prepare a proper response.[1] Such assertions do not explain why Shoreline failed to timely or properly respond for four months or why default judgment should not be entered.

24. Although the Trustee understands that counsel was just recently involved, the fact remains that Shoreline has already been deemed in default. Shoreline was given multiple

---

[1] The Objection seeks the same relief with respect to Ms. McCormack, but as the Motion makes clear, default judgment is not being sought with respect to Ms. McCormack at this time.

extensions of the deadline to file a response, including by consent of the Trustee and was advised on multiple occasions it needed counsel to appear on its behalf. Despite this, no justification is provided in the Objection as to why Shoreline was unable to retain counsel at an earlier date or comply with the response deadlines, why the entry of default should be vacated or why default judgment is not otherwise appropriate.

25. Shoreline has had ample opportunity to answer the Complaint. Despite these facts, Shoreline has refused to do so and instead, has lodged an 11th hour response that is wholly unsupported by fact or law.

26. Shoreline's own delay in obtaining counsel and responding to the Complaint does not justify or excuse its failure to appropriately or timely respond.

27. As supported by the Motion, the Trustee is entitled to default judgment against the Defendants, including Shoreline.

28. Notice of this Motion has been given to counsel for the Respondents. In light of the nature of the relief requested, the Trustee respectfully submits that no further notice is required.

**WHEREFORE**, the Trustee respectfully requests that the Court overrule the Objection and enter an Order granting the relief requested in the Motion.

4852-6639-7618.4

Dated: January 21, 2020            **PETER J. BARRETT, TRUSTEE**

By: /s/ Brian H. Richardson

**KUTAK ROCK LLP**
Jeremy S. Williams (VSB No. 77469)
Brian H. Richardson (VSB No. 92477)
901 East Byrd Street, Suite 1000
Richmond, Virginia 23219
Telephone: (804) 644-1700
Facsimile: (804) 783-6192
Jeremy.Williams@kutakrock.com
Brian.Richardson@kutakrock.com
*Counsel for Peter J. Barrett, Trustee*

## CERTIFICATE OF SERVICE

    I hereby certify under penalty of perjury that on January 21, 2020, a copy of the foregoing document was served via CM/ECF and/or first-class mail, postage prepaid, on the following:

| | |
|---|---|
| Potomac Pile Driver, LLC<br>c/o Bianca Cook, Registered Agent<br>103 Randolph Road<br>Fredericksburg, VA 22405 | APD3, LLC<br>c/o Jacob Lillard, President/Member<br>27 Third Street<br>Colonial Beach, VA 22443 |
| John C. Morgan Jr.,<br>New Day Legal, PLLC<br>98 Alexandria Turnpike, Suite 10<br>Warrenton, VA 20186<br>*Counsel to the Debtor* | Shoreline Service and Design, LLC; and<br>Robin McCormack<br>c/o Charles H. Krumbein, Esq.<br>Krumbein & Associates, PLLC<br>1650 Willow Lawn Drive, Suite 201<br>Richmond, VA 23230 |

                                     /s/ Brian H. Richardson
                                               Counsel

4852-6639-7618.4