**KUTAK ROCK LLP**
Jeremy S. Williams (VSB No. 77469)
Brian H. Richardson (VSB No. 92477)
901 East Byrd Street, Suite 1000
Richmond, Virginia 23219
Telephone: (804) 644-1700
Facsimile: (804) 783-6192
Jeremy.Williams@kutakrock.com
Brian.Richardson@kutakrock.com
*Counsel for Peter J. Barrett, Trustee*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 7 |
|  | ) |  |
| POTOMAC PILE DRIVER, LLC, | ) | Case No. 17-34078 (KRH) |
|  | ) |  |
| Debtor. | ) |  |
|  | ) |  |
| PETER J. BARRETT, TRUSTEE | ) |  |
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | Adv. Proc. No. 19-03079 (KRH) |
|  | ) |  |
| BRAD MARTIN, *et al.*, | ) |  |
|  | ) |  |
| Defendants. | ) |  |

**PLAINTIFF'S MOTION TO COMPEL RESPONSES TO PLAINTIFF'S FIRST
SET OF DISCOVERY REQUESTS TO DEFENDANTS
AND MOTION FOR SANCTIONS**

Plaintiff, Peter J. Barrett, Chapter 7 Trustee for the Bankruptcy Estate of Potomac

Pile Driver, LLC (the "Trustee" or "Plaintiff"), by counsel, pursuant to Rules 37 of the

Federal Rules of Civil Procedure (the "Civil Rule(s)"), as incorporated by Rule 7037 of the

Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rule(s)"), moves this Court to (i)

compel Brad Martin ("Mr. Martin"), Robin McCormack ("Ms. McCormack"), and Jacob

1

Lillard ("Mr. Lillard" and together with Mr. Martin and Ms. McCormack, the "Individual Defendants") to provide complete and verified responses to the Plaintiff's interrogatories (collectively, the "Interrogatories" or individually, an "Interrogatory"); (ii) provide complete responses to the Plaintiff's requests for the production of documents (the "Document Request(s)"); (iii) deem any request for admission (the "Admission Request(s)") not previously responded to as admitted; and (iv) overrule the Individual Defendants' objections (the "Objections") to certain Interrogatories and Documents Requests.  In support of this motion, the Plaintiff states as follows:

### Background

1.      On September 6, 2019, the Trustee initiated the above-captioned adversary proceeding against the Individual Defendants, among others, by filing his Complaint alleging that the Individual Defendants should be held liable for the debts and obligations of Potomac Pile Driver, LLC (the "Debtor").   The Individual Defendants filed answers in connection with the Complaint [Docket Nos. 8, 19 and 20].

2.      No answer to the Complaint was timely filed by the Debtor.  APD3, LLC ("APD") and Shoreline Service & Design, LLC ("Shoreline" and together with the Debtor and APD, the "Corporate Defendants") filed responses, but failed to obtain counsel (despite representing to the Plaintiff an intent to do so).  Subsequently, their answers were stricken from the docket and default was entered against the Corporate Defendants by the Clerk [Docket Nos. 28, 30 and 31].

3.      Thereafter, the Trustee moved for default judgment against the Corporate Defendants [Docket No. 32].   Shoreline opposed the entry of default

2

judgment and sought additional time to review the Complaint and respond, but such request was denied and default judgment was ultimately entered [Docket Nos. 45 and 55].

4.      Trial in this matter is currently set to begin with respect to the Individual Defendants on September 14, 2020.

5.      On April 3, 2020, via first-class mail, the Plaintiff served the *Plaintiff's First Set of Interrogatories, Requests for the Production of Documents, and Requests for Admissions* (the "Discovery") on the Individual Defendants. A copy of the Discovery is attached hereto as **Exhibit A**.

6.      Pursuant to Rule 7026-1(B) of the Local Rules of Bankruptcy Procedure, objections to the Discovery were due on before April 17, 2020. None of the Individual Defendants timely submitted Objections to the Discovery Requests.

7.      Pursuant to Bankruptcy Rules 7033, 7034 and 7036, which incorporate Civil Rules 33, 34 and 36, the Individual Defendants' responses (the "Discovery Responses") to the Discovery were required to be submitted within 30 days after service, or May 4, 2020.

8.      On April 28, 2020, the Plaintiff received Discovery Responses from Mr. Martin (the "Martin Response"). The Martin Response was filed with the Court at Docket No. 64. A copy of the Martin Response is also attached hereto as **Exhibit B**. The Martin Response is defective in that Mr. Martin fails to sufficiently answer the Interrogatories, Mr. Martin failed to produce any documents and Mr. Martin did not comply with the Civil Rules regarding the admission or denial of the Trustee's Admission Requests. As a result, on April 28, 2020, the Trustee sent a letter to Mr.

Martin advising of the deficiencies in the Martin Response and requesting that a supplemental response be received by May 8, 2020.  A copy of the correspondence is attached hereto as **Exhibit C.**

9.      No supplemental Discovery Responses were received from Mr. Martin.

10.      Ms. McCormack and Mr. Lillard also failed to timely respond to the Discovery.  As a result, the Trustee sent a letter to Ms. McCormack and Mr. Lillard requesting that they provide their Discovery Responses by May 15, 2020.  A copy of the correspondence is attached hereto as **Exhibit D**.  As of May 19, 2020, no Discovery Responses have been received from Ms. McCormack or Mr. Lillard.[1]

### Motion to Compel

11.      The Individual Defendants have made clear by their actions in connection with this adversary proceeding and in the underlying bankruptcy proceedings that they have no intention of proceeding in good faith, but will continue to disregard judicial process in an effort to further delay these proceedings and escape their legal obligations.  Indeed, the Individual Defendants serve as principals or registered agents of parties against whom judgment has already been granted in connection with this adversary proceeding, and also against whom sanctions were awarded in the underlying bankruptcy proceedings for failure to comply with discovery process.  [Case No. 17-34078; Docket Nos. 74 and 77].

---

[1]  On the last day for providing a Discovery Response in connection with the letter, counsel for the Trustee received an email and a voicemail from Ms. McCormack in which she asserts she was unaware of the Discovery and requests a further six-week extension of her response deadline in order to obtain counsel to represent her in these proceedings.  Plaintiff notes that at the time the Discovery was issued, Ms. McCormack was represented by counsel, and a copy of the Discovery was sent both to her individually and also to her counsel when issued.  Ms. McCormack's counsel moved to be allowed to withdraw as counsel, given her failure to cooperate, and the motion was granted [Docket No. 61].  Furthermore, Ms. McCormack filed certain papers with this Court which indicate that she was, in fact, aware of the Discovery deadline [Docket No. 63].

12.    The Individuals Defendants now continue to waste the resources of this Court and the Trustee through their failure to comply with the Discovery.    The deadline for responding to the Discovery, as extended, has passed, and the Individual Defendants have not provided any valid reason for their failure to properly respond to the Discovery.

13.    In light of the history of the Individual Defendants' delays, the non-compliance with judicial procedure in this Court, and the failure to comply with the Plaintiff's request that each Individual Defendant respond to the Discovery as required by the Civil Rules, the Plaintiff has no option but to request that this Court compel responses to the Discovery, and to seek recovery of costs and fees in connection herewith.

14.    Under Civil Rule 37, courts have "wide discretion to sanction a party for failing to comply with discovery requests" in connection with adversary proceedings. *Southern Management Corp. Retirement Trust v. Rood*, 532 Fed. Appx. 370, 372 (4th Cir. 2013).    Appropriate factors to consider in compelling discovery or awarding sanctions include bad faith, prejudice to other parties, importance of deterrence, or the effectiveness of less severe sanctions.    *Southern States Rack and Fixture, Inc. v. Sherwin-Williams Co.*, 318 F. 3d 592. 597 (4th Cir. 2003).

15.    Here, the record is clear that an order compelling complete and verified Discovery Responses from each of the Individual Defendants, including sanctions for continued non-compliance, would be appropriate.

16.    Less severe sanctions previously imposed by this Court regarding the conduct of the Individual Defendants, including a sanction of $2,000, and also

awarding default judgment as to Corporate Defendants, have not resulted in any meaningful increased diligence on the part of the Individual Defendants in connection with these proceedings.  Instead, Mr. Martin has supplied materially insufficient responses, Mr. Lillard continues to be nonresponsive, and Ms. McCormack seeks only to further delay these proceedings.  Each of these is an indication that the Individual Defendants do not appreciate the significance of these proceedings, and are proceeding in bad faith.

17.    Such bad faith and general abuse of the bankruptcy system is further evidenced by the fact that Mr. Martin has caused the Debtor to file no fewer than four separate bankruptcy cases since 2014 and, Ms. McCormack attempted to frustrate this proceeding by filing a bankruptcy proceeding on behalf of Shoreline, which proceeding was summarily dismissed.[2]  It is clear that the Defendants will continue in their efforts to hinder the Trustee, delay and defraud the their creditors and waste this Court's resources.  Accordingly increasingly severe sanctions are appropriate.

WHEREFORE, the Plaintiff requests that the Court issue an order (i) compelling the Individual Defendants to provide complete and verified responses to the Interrogatories within 10 days of the entry of an Order; (ii) compelling the Individual Defendants to provide complete and full responses to the Document Requests within 10 days of the entry of an Order; (iii) deeming as admitted all Admission Requests that have not been specifically denied by the Individual Defendants; (iv) overruling the Objections set forth in the Martin Response as untimely, unsupported, and unfounded; (v) imposing sanctions of $250 per day for each day following the tenth day that the

---

[2]    The Trustee is aware that Shoreline Service & Design, LLC attempted to file a chapter 13 proceeding in the United States Bankruptcy Court for the Eastern District of Virginia, which case was dismissed for deficient filings, among other issues. [Case No. 20-31147].

Individual Defendants fail to comply with this Court's Order; and (vi) awarding

Plaintiff's costs and reasonable attorneys' fees associated with this matter together with

any other relief as the Court may deem proper.


**PETER J. BARRETT, TRUSTEE**

By: /s/ *Brian H. Richardson*

**KUTAK ROCK LLP**
Jeremy S. Williams (VSB No. 77469)
Brian H. Richardson (VSB No. 92477)
901 East Byrd Street, Suite 1000
Richmond, Virginia 23219
Telephone: (804) 644-1700
Facsimile: (804) 783-6192
Jeremy.Williams@kutakrock.com
Brian.Richardson@kutakrock.com
*Counsel for Peter J. Barrett, Trustee*

## **Certificate of Service**

Pursuant to the Local Rules of this Court, I certify under penalty of perjury that a true and correct copy of the foregoing was served by first-class mail, postage prepaid, to all necessary parties on May 19, 2020, as follows:

Brad Martin
30 Lincoln Avenue
Colonial Beach, VA 22443


Robin McCormack
214 Marshall Avenue
Colonial Beach, VA 22443


Jacob Lillard
27 Third Street
Colonial Beach, VA 22443

/s/ *Brian H. Richardson*_____
Counsel

**EXHIBIT A**

Discovery

**KUTAK ROCK LLP**
Jeremy S. Williams (VSB No. 77469)
Brian H. Richardson (VSB No. 92477)
901 East Byrd Street, Suite 1000
Richmond, Virginia 23219
Telephone: (804) 644-1700
Facsimile: (804) 783-6192
Jeremy.Williams@kutakrock.com
Brian.Richardson@kutakrock.com
*Counsel for Peter J. Barrett, Trustee*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Richmond Division

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| POTOMAC PILE DRIVER, LLC, | ) | Case No. 17-34078 (KRH) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| | ) | |
| PETER J. BARRETT, TRUSTEE | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adv. Proc. No. 19-03079 (KRH) |
| | ) | |
| BRAD MARTIN, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## PLAINTIFF'S FIRST SET OF INTERROGATORIES, REQUESTS FOR THE PRODUCTION OF DOCUMENTS, AND REQUESTS FOR ADMISSIONS

Plaintiff, Peter J. Barrett, Chapter 7 Trustee for the Bankruptcy Estate of Potomac Pile Driver, LLC (the "Trustee"), by counsel, pursuant to Rules 26, 33, 34 and  36 of the Federal Rules of Civil Procedure (the "Rule(s)"), as incorporated by Rules 7026, 7033, 7034 and 7036 of the Federal Rules of Bankruptcy Procedure, propounds the following as his first request for admissions, set of interrogatories, and request for production of documents to Brad Martin, Robin McCormack, and Jacob Lillard (collectively, the "Individual Defendants").

## Definitions

1.      "Adversary Proceeding" means that particular case styled *Peter J. Barrett, Trustee v. Brad Martin, et al.*, Case No. 19-03079, which is pending in the United States Bankruptcy Court for the Eastern District of Virginia, Richmond Division.

2.      "Answer" refers to the Answer filed by you in the Adversary Proceeding.

3.      "Communicate" or "communication" is defined to include every manner of disclosure or exchange, and every disclosure or exchange, of information, whether orally or by document or whether face-to-face, by telephone, mail, personal delivery, facsimile, e-mail, voice mail, or otherwise.

4.      "Complaint" refers to the initial Complaint filed by Peter J. Barrett, Trustee for the Bankruptcy Estate of Potomac Pile Driver, LLC, in the Adversary Proceeding.

5.      "Corporate Defendants" refers to Potomac Pile Driver, LLC, Shoreline Service and Design LLC, and APD3 LLC, collectively.

6.      "Defendants" refers to the Individual Defendants and the Corporate Defendants, collectively.

7.      "Describe," when used in reference to facts, means to state those relevant facts to the extent of your present knowledge and those which you can ascertain by a reasonable search.

8.      "Document" or "documents" is defined to include anything within the scope of Federal Rule of Evidence 1001 and Rule 34 of the Federal Rules of Civil Procedure, including, but not limited to, the original, drafts, revisions and non-duplicate copies of any written, typed, printed, recorded, magnetic, graphic or other form of memorialization or communication and also specifically including all of your internal memoranda, whether or not such documents are claimed to be privileged against discovery on any ground.

9.      "Identify" or "identification," when used in reference to a communication, means to state the parties to such communication, the medium of such communication, i.e., telephonic, letter, etc., the date of such communication, and the subject matter and substance of such communication.

10.      "Identify" or "identification," when used in reference to a document, means to state the type of documents, e.g., letter, memoranda, telegram, chart, etc., and some means of identifying it, its present location and custodian.  If any such document was but is no longer in your possession or subject to your control, state what disposition was made of it.  Whenever an interrogatory asks for the description or identification of a document, a copy of such document may be attached to the answer to the interrogatory rather than describing it in accordance with the foregoing definition.

11.      "Identify" or "identification," when used in reference to facts, means to identify all persons with knowledge of such facts and all documents relating to such facts.

12.      "Identify" or "identification," when used in reference to a person, means to state his full name and his present or last known positions and business affiliation, his present home and business addresses, and his present business and home telephone numbers.

13.      "Individual Defendants" refers to Brad Martin, Robin McCormack, and Jacob Lillard, collectively.

14.      "Person" is defined to include individual persons and all entities, including, but not limited to, firms, associations, partnerships, corporations, companies, joint ventures, trusts, estates, or other legal, business or governmental entities.

15.     "Relating to" or "relates to" means, without limitation, discussing, embodying, mentioning, concerning, pertaining, referring or relating directly or indirectly to the subject matter identified in the interrogatory or request.

16.     "You" or "your" is defined to mean the Defendants, individually and collectively, along with their agents, representatives, officers, advisors, attorneys, experts, investigators, insurers, or anyone acting on their behalf.

17.     The singular includes the plural number and vice versa.  The masculine includes the feminine and neuter genders.

18.     Unless separately defined herein, all capitalized terms shall have the meaning ascribed in the Complaint.

## Instructions

1.     These discovery requests shall be deemed continuing so as to require supplemental responses if you and/or your attorneys obtain further information between the time responses are served and the time of the trial on this matter.

2.     For each interrogatory, identify the person or persons who participated and/or assisted in providing information to you in responding to the interrogatory, and describe each such person's relationship to you and the manner in which each person so identified assisted.

3.     If you consider any document called for in these interrogatories or document requests to be privileged from production, then you should include in the answer to these interrogatories and document requests a list of documents withheld from production, identifying each document by date, addressee(s), author, title, and subject matter and stating the ground(s) upon which each such document is considered privileged.  In addition, you should identify those persons who have seen the document or who were sent copies.  Finally, for any documents or

communications that are privileged only in part, produce the unobjectionable parts and redact the privileged portions complying with Rule 7034 of the Federal Rules of Bankruptcy Procedure.

4.      If any responsive document is no longer in existence, cannot be located or is not in your possession, custody or control, identify it, describe its subject matter and describe its disposition (including, without limitation, identifying the person or persons having knowledge of the disposition).

5.      Pursuant to Rule 34 of the Federal Rules of Civil Procedure, you are required to produce all responsive documents in the possession, custody or control of you or any of your agents, employees or attorneys.

6.      Whenever you are requested to give specific information such as a date or a figure and you cannot give the exact information, give your best estimate thereof.

7.      The documents must be produced at the law offices of Kutak Rock LLP, 901 East Byrd Street, Suite 1000, Richmond, Virginia  23219.

[*Remainder of page intentionally left blank*]

## **INTERROGATORIES**

1.     Identify all persons who assisted in the response to these discovery requests. Your response should include each such person's name, address, telephone number and the specific discovery request(s) with which such person assisted.

**ANSWER:**


2.      Identify each person you expect to call as an expert witness at the trial on this matter and with respect to each such person, give a summary of the expert's expertise, the subject matter, factual basis, and grounds for each opinion about which the expert is expected to testify.

**ANSWER:**


3.     Identify all persons with knowledge of the statements, denials and defenses in the Answer.  Your response should include each such person's name, address, telephone number and a description of the scope and extent of such person's knowledge.

**ANSWER:**


4.     Identify all business entities owned or operated by Brad Martin, Robin McCormack, or Jacob Lillard, regardless of whether any such entity is currently operating.

**ANSWER:**

5.      For each entity identified in response to Interrogatory No. 4 above, describe your understanding of the business it conducts.  Your response should include a description of the day-to-day operations, target customers, and the approximate date on which such entity began operations.

**ANSWER:**


6.      For each entity identified in response to Interrogatory No. 4 above that you assert is no longer in operation, state the approximate date that such entity ceased operations.

**ANSWER:**


7.      Describe your interaction and/or involvement with each of (i) Potomac Pile Driver, LLC; (ii) Shoreline Service and Design LLC; or (iii) APD3 LLC, including your knowledge of the officers, directors, and principle customers for each, and any services performed by you on behalf of each.

**ANSWER:**


8.      Identify all persons authorized to sign financial documents on behalf of Potomac Pile Driver, LLC, Shoreline Service and Design LLC, or APD3 LLC, and for each such person, identify all such entities for which he or she has signatory authority.

**ANSWER:**

9.     Describe with specificity when you first became aware of the Potomac Pile Driver, LLC, bankruptcy filing.  Your response should include when you first became aware that a bankruptcy petition was being prepared, and also when you first were made aware that the bankruptcy petition had been filed.

**ANSWER:**


10.     State with particularity your basis for denying that each of the defendants was subject to the same credit limitations in connection with conducting business with Wood Preservers, Inc.

**ANSWER:**


11.     Identify all persons holding membership interests in each of Potomac Pile Driver, LLC, Shoreline Service and Design LLC, and/or APD3 LLC.

**ANSWER:**


12.     Identify all known vendors conducting business with each of Potomac Pile Driver, LLC, Shoreline Service and Design LLC, and/or APD3 LLC.

**ANSWER:**


13.     Identify all bank accounts for which Potomac Pile Driver, LLC, Shoreline Service and Design LLC, and/or APD3 LLC is an account holder or authorized signatory.

**ANSWER:**

14.     State with particularity the date of purchase and prior owner of any vessel, truck, Caterpillar, Hitachi and any other equipment used by Shoreline Service and Design LLC.

**ANSWER:**


15.     Identify all equipment in the possession of or owned by Potomac Pile Driver, LLC, Shoreline Service and Design LLC, and/or APD3 LLC.

**ANSWER:**


16.     Identify the source of all funds used to acquire any equipment you identify in response to interrogatory number 15 above.

**ANSWER:**


17.     Identify the source of funds used for any food truck business in which you held an interest between 2016 and 2020.

**ANSWER:**


18.     Describe the purchase and disposition of the food truck used by the entity known as "Beach Taco."  Your response should include a description of the source of funding for Beach Taco and the terms of sale, if any, of equipment to the entity known as "Lala's Kitchen on Wheels."

**ANSWER:**

19.     Identify all work projects, jobs or services provided by Potomac Pile Driver, LLC,
Shoreline Service and Design LLC, and/or APD3 LLC for the years 2016 through 2019.  Your
response should include the name of the customer or client, and a brief summary of what work
was performed and by whom.

**ANSWER:**

20.     State with particularity your basis for denying that Brad Martin previously
conducted pile-driving businesses including Mid Atlantic Building Group, Marine Contractors,
and Martin Marine.

**ANSWER:**

21.     Identify any conversations you had, written or oral, regarding the bankruptcy
filing of Potomac Pile Driver, LLC, including any parties to such conversation, the date of the
communication, the medium of the communication and the substance of the communication.

**ANSWER:**

22.     Identify the location of any storage facility where equipment or other assets or
personal property of each of the Corporate Defendants is stored.

**ANSWER:**

23.     Describe your understanding of when Shoreline Service and Design LLC, first
began operating.

**ANSWER:**

24.     If you deny any of the requests for admission below, state the basis for such denial.

**ANSWER:**

## REQUESTS FOR PRODUCTION OF DOCUMENTS

Please produce the following documents:

1.      All documents referred to or relied upon in your responses to the interrogatories contained herein.

2.      For each response to every request for admission, provide every document that relates to, supports or contradicts your response.

3.      All documents that refer to, relate to, support or contradict any of the allegations contained in the Complaint.

4.      All documents that refer to, relate to, support or contradict any of the allegations, statements, denials, admissions or defenses contained in the Answer.

5.      All documents containing information about, relating to, or reflecting any communications between you and Wood Preservers, Inc.

6.      All documents containing information about, relating to, or reflecting the organizational structure of Potomac Pile Driver, LLC, Shoreline Service and Design LLC, and/or APD3 LLC.

7.      All bank statements for each of the Individual Defendants and Corporate Defendants for the period from January 2016 through March 2020..

8.      All invoices issued by each of the Corporate Defendants between January 2016 and March 2020.

9.      All contracts for which any of the Defendants is a party.

10.     All documents, including any correspondence, about, relating to, or reflecting the relationship between any of the Defendants.

11.     All tax records for each of the Defendants for the years 2016 – 2019.

12.     All documents containing information about, relating to, or reflecting any business transacted by you with the following entities: Landmark Yacht Club, Auia Harbor Marina, Colonial Beach Yacht Club, Gas Light Village, Times River Shore, Hoffmasters marina, Canterbury Estates HOA, Riverloop Charters, EZ Cruz Marina, Sun Builders, Bayside Marina, Mansion House Yacht Club, Nightingale Marina, Paynes Point Marina, Oasis Marina at CBYC, and Whelans Marina.

13.     The business records of the entity known as "Beach Taco."

14.     The business records of the entity known as "Lala's Kitchen on Wheels."

15.     All documents reflecting contracts with Beach Taco or Lala's Kitchen on Wheels.

16.     The financing statements for any equipment held or used by any of the Defendants.

17.     All documents reflecting any financial obligations for any of the Defendants between January 2016 through March 2020.

18.     All documents reflecting the ownership or acquisition of equipment or other assets or personal property used by the Corporate Defendants.

19.     A list of current or former employees of the Corporate Defendants between January 2016 through March 2020.

20.     A list of contractors engaged by any of the Corporate Defendants between January 2016 through March 2020.

21.     All work orders, bids, or project designs submitted or used by the Corporate Defendants between January 2016 through March 2020.

22.    A copy of the Depreciation Schedules for any assets of each of the Corporate Defendants.

23.    A copy of the General Ledger for each of the Corporate Defendants.

24.    All documents reflecting outstanding accounts receivable for each of the Corporate Defendants.

25.    All documents reflecting materials purchased by each of the Corporate Defendants.

## REQUESTS FOR ADMISSION

1.      The registered primary place of business for Potomac Pile Driver, LLC, was the home address of Brad Martin.

2.      The registered primary place of business for Shoreline Service and Design LLC was the home address of Robin McCormack.

3.      The registered primary place of business for APD3 LLC was the home address of Jacob Lillard.

4.      Potomac Pile Driver, LLC operated between 2011 and 2016.

5.      Potomac Pile Driver, LLC operated on a cash basis.

6.      Potomac Pile Driver, LLC did not maintain a bank account.

7.      Potomac Pile Driver, LLC did not file a tax return for the years 2011 through 2016.

8.      Brad Martin was a founder or was involved in the formation of Shoreline Service and Design LLC.

9.      Brad Martin was a founder or was involved in the formation of APD3 LLC.

10.     Brad Martin conducted business on behalf of and interacted directly with vendors for Shoreline Service and Design LLC.

11.     Brad Martin conducted business on behalf of and interacted directly with vendors for APD3 LLC.

12.     Shoreline Service and Design LLC is primarily in the business of providing pile driving services.

13.     APD3 LLC is primarily in the business of providing pile driving

services.

14.     Shoreline Service and Design LLC does not maintain separate operating and capital accounts.

15.     APD3 LLC does not maintain separate operating and capital accounts.

16.     Brad Martin conducted business on behalf of Shoreline Service and Design LLC with Mansion House Yacht Club in 2017 and/or 2018.

17.     As of March 1, 2016, Potomac Pile Driver, LLC had customers and scheduled projects under development.

18.     Prior customers of Potomac Pile Driver, LLC engaged Shoreline Service and Design LLC after April 2016.

19.     Shoreline Service and Design LLC currently holds itself out to the public as having been in operation for more than 17 years in the Colonial Beach area.

20.     Shoreline Service and Design LLC lists past projects actually completed by Potomac Pile Driver, LLC and other businesses operated by Brad Martin among its advertised list of satisfied customers.

21.     Assets of Potomac Pile Driver, LLC, and/or Shoreline Service and Design LLC were used to obtain or finance personal property of the defendants, including a taco truck business venture.

22.     Equipment used by Shoreline Service and Design LLC was previously used by or titled in the name of Brad Martin and/or Potomac Pile Driver, LLC.

23.     Shoreline Service and Design LLC was formed for the purpose of taking over the business dealings and services previously provided by Potomac Pile Driver, LLC in the Colonial Beach area.

24.     Prior to 2017, Robin McCormack had little, if any, prior experience in the pile driving services industry.

25.     Brad Martin introduced Robin McCormack to vendors previously dealing with Potomac Pile Driver, LLC.

26.     Vendors of Potomac Pile Driver, LLC, treated each of the Defendants as one and the same entity.

27.     Shoreline Service and Design LLC and Robin McCormack were previously sanctioned by the Court for failure to respond to the Trustee's requests for information.

28.     The Defendants, individually and collectively, constitute the alter ego, alias, stooge or dummy of Potomac Pile Driver, LLC, Shoreline Service and Design LLC, and APD3 LLC.

29.     The Defendants, individually and collectively, should be held personally responsible and accountable for the debts of Potomac Pile Driver, LLC, as each has acted, individually and in concert, as a devise or sham to disguise wrongs, obscure fraud, unduly and unjustly enrich themselves, and possibly conceal criminal conduct.

30.     The Defendants used Potomac Pile Driver, LLC, Shoreline Service and Design LLC, and APD3 LLC to shield fraud, hinder creditors, unduly enrich themselves, and otherwise advance an inequitable result.

31.     The Defendants, individually and collectively, have pursued additional credit financing and encumbered assets of Potomac Pile Driver, LLC for the purpose of hindering and defrauding creditors.

32.     The Defendants, individually and collectively, and prior to the Petition

Date, had knowledge that Potomac Pile Driver, LLC was preparing to file a bankruptcy petition.

33.    The Defendants, individually and collectively, aided and abetted Brad martin in hiding or removing assets of Potomac Pile Driver, LLC.

34.    Brad Martin continues to operate businesses using assets that should have been included as part of the Potomac Pile Driver, LLC bankruptcy estate.

35.    Robin McCormack aided and abetted Brad Martin in converting, removing or hiding assets of Potomac Pile Driver, LLC.

36.    Brad Martin breached his fiduciary duties with respect to Potomac Pile Driver, LLC.


                                        **PETER J. BARRETT, TRUSTEE**

                                        By: /s/ Brian H. Richardson_____

**KUTAK ROCK LLP**
Jeremy S. Williams (VSB No. 77469)
Brian H. Richardson (VSB No. 92477)
901 East Byrd Street, Suite 1000
Richmond, Virginia 23219
Telephone: (804) 644-1700
Facsimile: (804) 783-6192
Jeremy.Williams@kutakrock.com
Brian.Richardson@kutakrock.com
*Counsel for Peter J. Barrett, Trustee*

## <u>Certificate of Service</u>

Pursuant to the Local Rules of this Court, I certify under penalty of perjury that a true and correct copy of the foregoing was served by electronic mail and/or first-class mail, postage prepaid, to all necessary parties on April 3, 2020, as follows:

Brad Martin
30 Lincoln Avenue
Colonial Beach, VA 22443


Robin McCormack
214 Marshall Avenue
 Colonial Beach, VA 22443
AND
c/o Charles H. Krumbein, Esq.
Krumbein & Associates, PLLC
1650 Willow Lawn Drive, Suite 201
Richmond, VA 23230


Jacob Lillard
27 Third Street
Colonial Beach, VA 22443

/s/ Brian H. Richardson
Counsel

**EXHIBIT B**

Martin Response

**Brad Martin**
**30 Lincoln Avenue**
**Colonial Beach VA 22443**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

| | | |
|---|---|---|
| — — — — — — — — — — — — — — —) | | |
| | ) | |
| In re: | ). | Chapter 7 |
| Potomac Pile Driver, LLC. | ) | |
| | ) | Case No. 17-34078 (KRH) |
| | ) | |
| Debtor. | ) | |
| — — — — — — — — — — — — — — —) | | |
| | ) | |
| PETER J. BARRETT, TRUSTEE | ) | |
| | ) | |
| V. | ) | |
| | ) | Adv. Proc. No. 19-03079-KRH |
| Brad Martin | ) | |
| | ) | |
| Defendants. | ) | |
| — — — — — — — — — — — — — — — | | |

Answers to plaintiffs first set of interrogatories, request for documents and requests for admissions:

Interogatories, answers:

1.  Brad Martin, 30 Lincoln Avenue, Colonial Beach VA 22443
2.  None at this time
3.  No idea
4.  Potomac Pile Driver LLC was owned by me, I can not speak to any other businesses
5.  Marine Construction, target area- north Potomac River, no specific operation schedule and I can not remember the start date
6.  I don't know
7.  (i) owner/operator, (ii) consulting as to construction methods and basic/advise help when asked (iii) I don't recall
8.  To the best of my recollection, Brad Martin for Potomac Pile Driver, I don't know on the others
9.  I don't remember the specific filing date but I'm sure it's on the court record
10. I don't understand this statement or question and would need further information
11. Potomac Pile Driver is no longer in existence, therefore no one holds any interest, I can not elaborate on the others as I don't know
12. I don't recall
13. Potomac pile driver doesn't have any bank accounts, I don't know about the others
14. I don't know
15. I don't know
16. I don't know
17. I didn't hold any food truck interests between 2016-2020
18. I don't understand this question/statement
19. I don't know
20. This question/statement is very misleading as I was in the pile driving business prior to becoming an LLC.
21. I can not remember the dates or times that I spoke to anyone about anything related to this question/statement and find it confusing and misleading
22. None that I know of
23. I can not recall

24. I don't understand what a request for admission is, therefore I can not list a "basis for denial"

REQUEST FOR PRODUCTION OF DOCUMENTS:

1 through 25:
I am not in possession of any documents at this time.

REQUESTS FOR ADMISSION:

1.  Deny
2.  I don't know
3.  I don't know
4.  I don't recall
5.  Deny
6.  Deny
7.  I don't recall
8.  Deny
9.  Deny
10. Admit
11. Admit
12. Deny
13. I don't know
14. I don't know
15. I don't know
16. I can not confirm nor deny as I would need further information as to the definition of conducting business.
17. I don't remember
18. I don't know
19. I don't know
20. I don't know
21. Deny
22. Deny
23. Deny
24. Object, irrelevant
25. Admit
26. Deny
27. I don't know
28. Deny
29. Deny
30. Deny
31. Deny
32. I don't understand
33. Deny
34. Deny
35. Deny
36. Deny

Brad Martin, Defendant

Brad Martin
30 Lincoln Avenue
Colonial Beach VA 22443

## Certificate of Service

Pursuant to the local rules of this Court, I certify that a true and correct copy of the foregoing was served by mail, postage pre-paid to all necessary parties on April 24th 2020, as follows

KUTAK ROCK LLP
c/o Brian H Richardson
901 East Byrd Street, suite 1000
Richmond VA 23219

Brad Martin, Defendant

**EXHIBIT C**

Correspondence to Mr. Martin

# KUTAKROCK

**Kutak Rock LLP**
901 East Byrd Street, Suite 1000, Richmond, VA 23219-4071
office 804.644.1700

BRIAN H. RICHARDSON
804.343.5202
brian.richardson@kutakrock.com

April 28, 2020

**VIA FIRST-CLASS MAIL**

Brad Martin
30 Lincoln Avenue
Colonial Beach, Virginia, 22443

Re:    *Barrett, Trustee v. Brad Martin, et al. [19-03079-KRH]*

Dear Mr. Martin,

As you are aware, we are counsel for Peter J. Barrett, Chapter 7 Trustee for the Bankruptcy Estate of Potomac Pile Driver, LLC (the "Trustee") and plaintiff in the above-captioned action. On April 3, 2020, the Trustee issued to you the *Plaintiff's First Set of Interrogatories, Requests for the Production of Documents, and Requests for Admissions*. On or around April 28, 2020, we received your *Answers to Plaintiffs First Set of Interrogatories, Request for Documents and Requests for Admissions* (the "Discovery Responses").

There are significant outstanding deficiencies with respect to the Discovery Responses. Please supplement your responses to address these responses ***within 10 days of the date of this letter*** or the Trustee will move to compel the responses and seek recovery of the applicable attorneys' fees and costs.

As an initial matter, you have waived any objections to the Trustee's requests as a result of your failure to file your objections within 14 days as required by Rule 7026-1 of the Local Rules of the United States Bankruptcy Court for the Eastern District of Virginia. Accordingly, you must provide comprehensive and complete responses to all of the Trustee's requests. Responses such as "I don't recall, I don't know, no idea, or I don't understand" are wholly inadequate and insufficient.

In response to our request for the production of documents, you make a blanket assertion that you have no documents in your possession. First, the Trustee is highly suspect that all responsive documents are outside your control or possession. Furthermore, you are in a position to review the requested documents in order to comply with Rule 34 of the Federal Rules of Civil Procedure. Finally, you have not even so much as identified any responsive documents, let alone specify which are outside of your control or possession. Accordingly, substantive corrective

# KUTAKROCK

April 28, 2020
Page 2

actions are required in connection with your response to the Trustee's request for the production of documents.

Finally, your responses to the Trustee's requests for admissions fail to adequately respond to many of the requests set forth therein.  You are required to provide complete responses to the requests for admissions.

Thank you for your consideration of this matter.

Sincerely,

Brian H. Richardson

cc:    Peter J. Barrett (via e-mail)
       Jeremy S. Williams (via e-mail)

4852-8407-7755.1

**EXHIBIT D**

Correspondence to Ms. McCormack and Mr. Lillard

# KUTAKROCK

**Kutak Rock LLP**
901 East Byrd Street, Suite 1000, Richmond, VA 23219-4071
office 804.644.1700

BRIAN H. RICHARDSON
804.343.5202
brian.richardson@kutakrock.com

May 5, 2020

**VIA FIRST-CLASS MAIL**

Robin McCormack
214 Marshall Avenue
Colonial Beach, VA 22443

> Re:   *Barrett, Trustee v. Brad Martin, et al. [19-03079-KRH]*

Dear Ms. McCormack,

As you are aware, we are counsel for Peter J. Barrett, Chapter 7 Trustee for the Bankruptcy Estate of Potomac Pile Driver, LLC (the "Trustee") and plaintiff in the above-captioned action.   On April 3, 2020, the Trustee issued to you the *Plaintiff's First Set of Interrogatories, Requests for the Production of Documents, and Requests for Admissions*. Pursuant to the applicable Federal Rules of Civil Procedure and the Local Rules of the United States Bankruptcy Court for the Eastern District of Virginia, your responses to the Trustee's discovery requests were to be delivered to our office on or before May 4, 2020.   We have not received responses from you to the Trustee's requests.

With this letter, we are once again requesting that you provide your full and complete responses to our office ***within 10 days of the date of this letter*** or the Trustee will move to compel the responses and seek available relief from the Court, which may include judgment and recovery of the applicable attorneys' fees and costs.

Thank you for your consideration of this matter.

Sincerely,

Brian H. Richardson

cc:   Peter J. Barrett (via e-mail)
Jeremy S. Williams (via e-mail)

4849-4417-7083.1

# KUTAKROCK

**Kutak Rock LLP**
901 East Byrd Street, Suite 1000, Richmond, VA 23219-4071
office 804.644.1700

BRIAN H. RICHARDSON
804.343.5202
brian.richardson@kutakrock.com

May 5, 2020

**VIA FIRST-CLASS MAIL**

Jacob Lillard
27 Third Street
Colonial Beach, VA 22443

     Re:   *Barrett, Trustee v. Brad Martin, et al. [19-03079-KRH]*

Dear Mr. Lillard,

As you are aware, we are counsel for Peter J. Barrett, Chapter 7 Trustee for the Bankruptcy Estate of Potomac Pile Driver, LLC (the "Trustee") and plaintiff in the above-captioned action. On April 3, 2020, the Trustee issued to you the *Plaintiff's First Set of Interrogatories, Requests for the Production of Documents, and Requests for Admissions.* Pursuant to the applicable Federal Rules of Civil Procedure and the Local Rules of the United States Bankruptcy Court for the Eastern District of Virginia, your responses to the Trustee's discovery requests were to be delivered to our office on or before May 4, 2020. We have not received responses from you to the Trustee's requests.

With this letter, we are once again requesting that you provide your full and complete responses to our office ***within 10 days of the date of this letter*** or the Trustee will move to compel the responses and seek available relief from the Court, which may include judgment and recovery of the applicable attorneys' fees and costs.

Thank you for your consideration of this matter.

Sincerely,

Brian H. Richardson

cc:    Peter J. Barrett (via e-mail)
       Jeremy S. Williams (via e-mail)

4829-4867-1419.1